IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL JOHN O'BRIEN *
   Plaintiff,
v. * CIVIL ACTION NO. RWT-06-2358

MEDICAL DEPARTMENT ECI *
   Defendant.
    ***

**MEMORANDUM OPINION**

II. PROCEDURAL HISTORY

Plaintiff filed this 42 U.S.C. § 1983 civil rights complaint for injunctive relief, dated September 6, 2006, complaining that after four months of assurances by medical staff at the Eastern Correctional Institution ("ECI") that he would see an optometrist for a severe problem with his eye, he had yet to see anyone. (Compl. at 4). He state that every day his vision gets worse and the "pain is unbearable." (Id.).

On December 1, 2006, Defendant Correctional Medical Services, Inc. ("CMS")[1] filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, which shall be treated as a summary judgment motion. (Paper No. 9). Although Plaintiff was provided notice and opportunity to file an opposition, he has failed to do so. The matter is ready for this Court's consideration. The undersigned concludes that an oral hearing is unnecessary. See Local Rule 105.6 (D. Md. 2004).

II. STANDARD OF REVIEW

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d 472, 474 (4th

---

1 The Clerk shall amend the docket to substitute the name of CMS for that of Defendant "Medical Department ECI."

Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices. See Revene v. Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989); United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists, however, if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. See Celotex, 477 U.S. at 322-323. Therefore, on those issues for which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

III.    DISCUSSION

**1. Facts**

Plaintiff arrived at ECI on April 25, 2006. Two days later Physician's Assistant ("P.A.") Ford evaluated Plaintiff for his complaints of acid reflux, chronic right shoulder pain, and a dry, irritated eye. (Paper No. 9, Ex. A; Ex. B at 11). In addition to treating Plaintiff's stomach and shoulder problems, Ford ordered artificial tears for Plaintiff. (Id.; Ex. A; Ex. B at 15). On May 25, 2006, Plaintiff was seen by P.A. Messforosh for a complaint that the vision in his right eye had

been blurred for two months and that the condition was worsening and causing him headaches. (Id., Ex. A; Ex. B at 2-3). Messforosh ordered a consultation with an optometrist to test for glaucoma. (Id.; Ex. A; Ex. B at 3 & 12).

On July 24, 2006, Plaintiff filed a sick-call request form to see a doctor for his right eye. Two days later Plaintiff was seen by Nurse Practitioner Patricia Elden, who observed that Plaintiff's sclera was reddened and noted visual acuity of 20/100 in the right eye and 20/20 in the left eye. (Paper No. 9, Ex. A; Ex. B at 4). Elden made a notation that Plaintiff was to see an optometrist as soon as possible and ordered "Akwa tears" (lubricating eye drops) for Plaintiff's eyes. (Id., Ex. A; Ex. B at 4, 11, 16-17). On August 14, 2006, Plaintiff submitted another sick-call form, complaining that his eyes hurt and his vision was blurry. (Id.; Ex. A; Ex. B at 5). P.A. Ford examined Plaintiff three days later and ordered that Plaintiff be scheduled to see the optometrist for a glaucoma test. (Id., Ex. A; Ex. B at 5-8, & 13).

On September 8, 2006, Dr. Robert Gertz, an optometrist, examined Plaintiff.[2] (Id., Ex. A; Ex. B at 9). Dr. Gertz noted Plaintiff's complaints of dry eyes and had frequently used artificial tears. (Id., Ex. A; Ex. B at 14). Dr. Gertz observed that the pressure in Plaintiff's eyes were normal, indicating that he did not have glaucoma. (Id.). Dr. Gertz diagnosed Plaintiff has having blepharitis, or an inflammation of the eyelids, the symptoms of which include eye irritation, burning, tearing, and dryness. (Id.). Dr. Gertz: (1) advised Plaintiff to use warm compresses on his eyes; (2) educated Plaintiff about eyelid hygiene; (3) told Plaintiff to continue to use artificial tears for his dry

---

[2] CMS states that the optometrist to whom Division of Correction inmates are referred is not a CMS employee or under CMS's control and that medical staff were told that the optometrist did not have any available appointments from May through August, 2006, because of a long waiting list. CMS maintains that for those reasons, Plaintiff could not obtain an optometrist appointment until early September, 2006. (Paper No. 9, Ex. A).

3

eyes; (4) noted that, if Plaintiff's blepharitis did not improve, he would consider prescribing the antibiotic Doxycycline. He also ordered eyeglasses for Plaintiff. (Id.; Ex. A; Ex. B at 9-10, & 14).

**2. Legal Analysis**

Based on the facts presented, Defendants move this Court to dismiss the complaint filed by the Plaintiff, or alternative, grant summary judgment, on two grounds. First, CMS argues that it cannot be held liable based on the principles of vicarious liability, otherwise known as the doctrine of respondeat superior, and second, the defendants assert that Plaintiff was provided constitutionally adequate medical care.

To the extent the Complaint attempts to implicate CMS in the alleged denial of medical care solely upon vicarious liability, the law in this circuit is clear. The doctrine of respondeat superior does not apply to § 1983 claims. See Austin v. Paramount Parks, Inc., 195 F.3d 715, 727-28 (4th Cir. 1999); Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982).

As to the second issue, based upon the pleadings filed before the Court, the undersigned concludes that no Eighth Amendment violation has been demonstrated. A prisoner presenting a denial of medical care claim must prove two essential elements. First, he must satisfy the "objective" component by illustrating a serious medical condition. Hudson v. McMillian, 503 U.S. 1, 9 (1992); Estelle v. Gamble, 429 U.S. 97, 105 (1976); Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). If this first element is satisfied, the prisoner must then prove the second subjective component of the Eighth Amendment standard by showing deliberate indifference on the part of prison officials or health care personnel. Wilson v. Seiter, 501 U.S. 294, 303 (1991) (holding that claims alleging inadequate medical care are subject to the "deliberate indifference" standard outlined in Estelle, 429 U.S. at 105-06). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than

acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Medical personnel "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." Id. at 837. Health care staff are not, however, liable if they "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844; see also Johnson v. Quinones, 145 F.3d at 167. Mere malpractice or negligence does not violate the Eighth Amendment. See Estelle, 429 U.S. at 106; Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990).

Under these legal standards, Plaintiff has failed to demonstrate how the delay in seeing an optometrist caused him serious injury under the Constitutional standard announced in Estelle. 429 U.S. at 102-105. The record shows that in April, May, July, and August of 2006, Plaintiff made various complaints related to eye irritation and blurred vision. These complaints do not rise to the level of serious injury under Estelle and its progeny, and hence do not satisfy the first prong of the test for unconstitutionality. Id. Plaintiff's complaint also fails on the second prong, as the health care staff did not act with "deliberate indifference" toward Plaintiff. He was seen by physician's assistants and a nurse practitioner, given artificial tears, and referred to an optometrist as early as May of 2006. Although Plaintiff did not see Dr. Gertz until September of 2006, the Court concludes that this does delay not amount to an act or omission "for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. Thus a constitutional deprivation has not been proved.

Upon examination, the optometrist concluded that Plaintiff's eye pressure was normal, thus ruling out glaucoma, and he was diagnosed with and treated for blepharitis. In addition, he was ordered prescription eyeglasses. Thus, Plaintiff has been afforded the injunctive relief he seeks in

this Complaint as he has been provided with treatment for the medical conditions of which he complaint.

IV.     <u>Conclusion</u>

For the aforementioned reasons, Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is hereby granted.  Judgment is entered in favor of Defendant and against Plaintiff.  A separate Order shall follow.


Date: 1/19/07                                         /s/                        
                                            ROGER W. TITUS
                                            UNITED STATES DISTRICT JUDGE